**The below described is SIGNED.**

 

**Dated: February 23, 2015**

                    **R. KIMBALL MOSIER**
                    **U.S. Bankruptcy Judge**

---

Andres Diaz, (A4309)
Timothy J. Larsen, (A10263)
Jonathan A. Diaz, (A12073)
**DIAZ & LARSEN**
307 West 200 South, Suite 2004
Salt Lake City, Utah  84101
Telephone (801) 596-1661
Fax (801) 359-6803
Email:  courtmail@adexpresslaw.com
*Attorneys for the Debtor in Possession*

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re:  **DO1, INC.,**<br>       **PO Box 27837**<br>       **Salt Lake City, UT  84127** | **Bankruptcy No. 14-22440**<br>**Chapter 11**<br><br>**FILED ELECTRONICALLY** |
| **Debtor in Possession** | **Judge R. Kimball Mosier** |

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DO1'S
MOTION TO AUTHORIZE SALE AND/OR ASSIGNMENT OF PROPERTY
OF THE BANKRUPTCY ESTATE

---

The Motion of the Debtor and Debtor in Possession, DO1, Inc. (the "Debtor") for an

order authorizing the sale and/or assignment of the bankruptcy estate's interest in certain estate

property mainly the business assets, including the Ground Lease by and between D & D Truck

Stop, L.L.C. and the Debtor and the Sublease by and between the Debtor and Transfuels, LLC

that are situated in Salt Lake County, Utah (the "Property") as more particularly described in the Commercial Real Estate Purchase Contract (the "Purchase Contract" from "Jake Abbott or Assigns" ("Abbott") attached to the Motion as Exhibit "A," came on for hearing before the Court as scheduled on February 10, 2015.  Appearances at the hearing were as made on the record.

Prior to the hearing, a competing offer (the "Competing Offer") was submitted in writing and filed by Petroleum Wholesale, L.P. ("PWI") for an amount higher than the proposed purchase  price offered by Abbott.  As a result, the Debtor requested authority to hold an auction, which the Court approved.  The Debtor proposed and the Court approved an auction to be conducted through a sealed bid by each of the bidders.  The Court requested that the Debtor determine if the offers could be made equivalent on all matters other than purchase price.  The Debtor reported that it had done so; and, the Debtor then conducted the auction without the Court present.  Upon completion of the auction, the Court reconvened and the Debtor announced the results of the auction.

Having reviewed and considered the Motion, the Competing Offer, the proffered testimony of Denton L. Dunn, President of the Debtor; Dan Miller, Director of Real Estate for PWI; Greg Vidrine, Executive Vice President of First National Bank of Layton; and Jake Abbott, the proposed purchaser, which proffers were received without objection into evidence; other evidence proffered and/or presented; the arguments of counsel; and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES THAT:**[1]

A.  On February 10, 2015, the Court held a hearing to consider approval of the Motion pursuant to 11 U.S.C. §§ 363(b) and (f), and 365(a) and (f) and Bankruptcy Rules 6004 and 6006.

B.  The Court has jurisdiction over the Debtor's chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

C.  Notice of the Motion, the transactions contemplated by the Motion, the hearing on the Motion, and the right to submit a higher and better offer was proper, and meets the requirements of 11 U.S.C. §§ 102, 105, 363, and 365, and Bankruptcy Rules 2002(a)(2), (c)(1), 6004, 6006(c), and 9014.

D.  No objections were filed to the Motion.

E.  Prior to the hearing on the Motion, the Debtor received the Competing Offer.

F.  The Debtor's request for an auction between the competing bidders by sealed bid was an appropriate exercise of the Debtor's business judgment.

G.  The auction was properly conducted by the Debtor.

H.  The Debtor's determination that the Competing Offer from PWI for the Property in the amount of $1,357,000 is higher and better than the bid from Abbott in the amount of $1,230,000 for the Property is confirmed and approved.

---

[1] These findings of fact and conclusions of law shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 (the "Bankruptcy Rules"), made applicable to this proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

3

I.      The Debtor, PWI, and Abbott have acted in good faith in this matter, without collusion, and from arm's-length bargaining positions.  Neither the Debtor nor PWI has engaged in any conduct that would cause or permit the application of section 363(n) of the Bankruptcy Code to the transactions contemplated by the Motion.  PWI is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.  Absent a stay of the effectiveness of the Order approving the sale and/or assignment of the Property, if any, PWI will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Motion, including the assumption and assignment of leases and other agreements.

J.      PWI is authorized to operate the Property pending closing of the transactions, if such operation can be conducted in compliance with applicable law and regulations. Alternatively, PWI is authorized to advance up to $20,000 to the Debtor for payment of lease, utility, and other charges approved by PWI pending closing, with the amounts so advanced to be credited against the purchase price to be paid by PWI and may be paid from PWI's $50,000 earnest money deposited in the trust account of Debtor's counsel.  In addition, if 7-Eleven does not make payroll to the Debtor's employees during the period within which the Debtor continues to operate the Property pending closing, PWI is authorized to advance up to $20,000 to pay employees during this interim period.  Such amounts will be approved by PWI and such funds will not be offset or credited against the purchase price to be paid by PWI.

K.      The Debtor will cure defaults under the leases and other agreements that have been or are being assumed by the Debtor and that will be assigned to PWI, from sale proceeds.  D & D Truck Stop, L.L.C. or affiliate thereof (the "Landlord"), which is the lessor under the ground

4

lease between the Landlord and the Debtor, is willing to modify the ground lease as set forth in the Motion. To the extent that the approval of this Court is required for such modification, the Court hereby approves the modification.

L. The Property is being sold without any fuel supply contract or obligations to any fuel supplier (other than the sublease with Transfuels, LLC) and PWI is not assuming any such contracts or obligations, if any.

M. PWI shall have the option of entering into a contractual arrangement with 7-Eleven or, at PWI's election, instructing the Debtor to reject and cancel the 7-Eleven franchise agreement.

N. PWI shall have 45 days from February 10, 2015, within which to close the purchase of the Property.

O. With respect to Property being sold to PWI, PWI would not purchase that Property unless it could do so free and clear of liens and other interests, other than liens, claims, interests, and other encumbrances to which it consented.

P. The Debtor, PWI, lessors, and parties to the transactions to be completed should be authorized to prepare such documents as are necessary and appropriate to complete these transactions.

Q. The relief sought in the Motion, including approval of the terms of the Motion and consummation of the transactions contemplated thereof, is in the best interests of the Debtor, its bankruptcy estate, creditors, and all parties in interest. The transactions Sale must be approved promptly in order to maximize the value of the Property.

R.	Upon entry of the Order accompanying these Findings and Conclusions, the Debtor has all the corporate or organizational power and authority necessary to consummate the transactions contemplated by the Motion.

*  *  *  *  **END OF DOCUMENT**  *  *  *  *

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing Findings of Fact and Conclusions of Law on DO1's Motion to Authorize Sale and/or Assignment of Property of the Bankruptcy Estate shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- James W. Anderson    jwa@clydesnow.com, aperdue@clydesnow.com

- Wayne Z. Bennett    wzb@clydesnow.com, aperdue@clydesnow.com

- Darwin H. Bingham    dbingham@scalleyreading.net, cat@scalleyreading.net

- James Vincent Cameron tr    Vince.Cameron@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Suzanne.Verhaal@usdoj.gov

- Andres' Diaz    courtmail@adexpresslaw.com

- Casey W. Jones    cjones@strongandhanni.com, rdodge@strongandhanni.com

- David E. Leta    dleta@swlaw.com, wkalawaia@swlaw.com

- Robert S. Prince    rprince@kmclaw.com, squilter@kmclaw.com

- Stephen C. Tingey    stingey@rqn.com, docket@rqn.com

- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

- Christopher M. Von Maack    vonmaack@mgpclaw.com, washenko@mgpclaw.com; wayment@mgpclaw.com

- Kenneth L. Cannon II    kcannon@djplaw.com, khughes@djplaw.com